UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHAEL FRIEDMANN,<br><br>          Plaintiff,<br><br>  v.<br><br>FEDERAL TRADE COMMISSION, et al.,<br><br>          Defendants. | CASE NO. CV25-5196-BHS<br><br>ORDER |

THIS MATTER is before the Court following Magistrate Judge David Christel's Order granting pro se plaintiff Michael Friedmann's application to proceed *in forma pauperis* based on his indigency, Dkt. 4, leaving to this Court evaluation of whether Friedmann's proposed complaint, Dkt. 5, asserts a facially plausible claim and should be served.

A court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it

ORDER - 1

ha[s] no arguable substance in law or fact." *Tripati*, 821 F.2d at 1370 (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

A pro se plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations and footnotes omitted). This requires a plaintiff to plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly* at 555).

In order to state a plausible claim, a plaintiff must allege facts that allow *the court* to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Friedmann's complaint does not meet this standard. He alleges that he is the sole owner of Fallen Hero Bracelets, LLC, a minority-owned business. He claims generally that the Federal Trade Commission (FTC) and National Association of Attorneys General (NAAG) violated his constitutional rights in pursuing "Operation Donate with Honor," a

"joint action" with the State of Washington to "crack down" on charities suspected of misleading donors by falsely claiming to help veterans and servicemembers. Dkt. 5 at 5. He alleges that his LLC became a target of that Operation, resulting in a 2018 enforcement action by the State against Friedmann, Fallen Hero Bracelets, and two other entities apparently owned by Friedmann. *Id*. at 8. Friedmann contends he was denied due process, and that the action resulted in an injunction against him that impaired his right to free speech and otherwise violated his First Amendment rights. *Id*. at 8–11.

Friedmann also disputes the default judgment entered against him, including damages and attorneys' fees. *Id*. at 11–20. Among other things, he asks for $100 billion, for this Court to vacate the state court injunctions, and for this Court to rule that the state court action against him was unconstitutional. *Id*. at 44–47.

Friedmann has failed to state a plausible claim, and the Court will not order service of his complaint for two primary reasons.

First, Friedmann expressly asks this Court to overturn the result of a state court proceeding and judgment against him. This Court cannot and will not do so. The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This Court has no jurisdiction over such a claim.

Second, even absent *Rooker-Feldman*, Friedmann's claims are facially time barred. He complains of an action commenced in 2018 and a judgment entered in 2020— more than five years ago. §1983 contains no statute of limitations. Federal (and state, for

that matter) courts instead "borrow" § 1983 limitations periods from analogous state law. Specifically, they borrow the state's "general or residual statute for personal injury actions." *Owens v Okure*, 488 U.S. 235, 250 (1989). In Washington, that statute is RCW 4.16.080(2), which is a three-year limitations period. *Bagley v. CMC Realty Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Therefore, in this District, the limitations period for a § 1983 claim is three years. Friedmann's § 1983 claims are facially time barred.

Finally, and in any event, Friedmann may represent himself in this Court, but he cannot represent the real party in interest, the LLC that he contends was the target of the unconstitutional enforcement action.

Representing another person or entity in court is the practice of law. To practice law, one must be an attorney. RCW 2.48.170. Thus, Washington, like all federal courts, follows the common law rule that corporations appearing in court proceedings must be represented by an attorney. There is a pro se exception to this general rule, under which a person "'may appear and act in any court as his own attorney without threat of sanction for unauthorized practice.'" *Cottringer v. State, Dep't of Employment Sec.,* 162 Wn. App. 782, 787 (2011) (quoting *Wash. State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n*, 91 Wn.2d 48, 56 (1978)).

The pro se exception is extremely limited and applies "only if the layperson is acting solely on his own behalf" with respect to his own legal rights and obligations. *Cottringer,* 162 Wn. App. at 787–88 (quoting *Wash. State Bar Ass'n*, 91 Wn.2d at 57). Although a non-attorney may appear *in propria persona* in his own behalf, that privilege is personal to him. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir. 1966). He has

1 no authority to appear as an attorney for anyone other than himself. *Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962); *Collins v. O'Brien*, 208 F.2d 44, 45 (D.C. Cir. 1953), *cert. denied*, 347 U.S. 944 (1954); *see also* LCR 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel.").

Ordinally, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, when the facts are not in dispute and the sole issue is whether there is liability as a matter of substantive law, courts may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Friedmann cannot amend his complaint to alter the conclusions that his claims are barred by *Rooker-Feldman*, and that they are facially time barred. Accordingly, this matter is **DISMISSED** without prejudice and without leave to amend.

The clerk shall enter a judgment and close the case.

IT IS SO ORDERED.

Dated this 8th day of September, 2025.

BENJAMIN H. SETTLE
United States District Judge